**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-2100**

———————

JEYSI JAZMIN FLORES-SANCHEZ; E.G.F.,

        Petitioners,

      v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  June 7, 2022                          Decided:  July 21, 2022

———————

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

**ON BRIEF:**   Abraham F. Carpio, THE CARPIO LAW FIRM, LLC, Hyattsville, Maryland, for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Jonathan Robbins, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeysi Jazmin Flores-Sanchez and her minor son, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss the petition for review.

The Board disposed of the Petitioners' appeal by finding that they did not meaningfully challenge the IJ's finding that Flores-Sanchez did not show that the Salvadoran government was unable or unwilling to protect her from her persecutor. Before this court, the Petitioners do not challenge the Board's finding that they did not meaningfully challenge the IJ's decision, nor do they challenge the merits of the IJ's finding. When an applicant claims that she fears persecution by a private actor, as in this case, "she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (internal quotation marks omitted).

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" 8 U.S.C. § 1252(d)(1). "The exhaustion doctrine serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Portillo Flores v. Garland*, 3 F.4th 615, 632

2

(4th Cir. 2021) (en banc) (internal quotation marks omitted).  Thus, "[i]f a petitioner could have raised an argument before the [Board], but didn't, we do not have the authority to consider the argument in the first instance."  *Id.* (internal quotation marks omitted).  A petitioner can exhaust an issue if she raises it in her notice of appeal to the Board and the Board addresses the issue.  *Id.*

Because the Petitioners did not meaningfully challenge the IJ's finding that Flores-Sanchez did not show that the Salvadoran government was unable or unwilling to control her persecutor, we dismiss the petition for review for failure to exhaust administrative remedies.*  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

---

* The Petitioners have waived review of the denial of protection under the CAT because their brief lacks any argument that challenges the Board's and the IJ's rulings on this issue.  *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (noting that failure to address the denial of CAT relief in the brief waives review of that issue).